UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DASHI HURSEY,

            Plaintiff,            Case No. 1:11-cv-388

v.                                        Honorable Robert Holmes Bell

JOHN TAGLIA et al.,

            Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Embry, Kula, Norwood, Sanchez, Goodson, Smith, Dawdy, Meno and Huss. The Court will serve the complaint against Defendants Taglia, Calley, Davis, Duiker, Gawne, Okula, Naeem and Ajella.

**Discussion**

I. Factual allegations

Plaintiff Dashi Hursey presently is incarcerated at the Ionia Maximum Correctional Facility (ICF). He sues the following ICF officials: Doctors John Taglia, Royale Calley, and Steven Meno; Psychiatric Social Workers Bob Davis and Robin Duiker; Resident Unit Manager Ron Embry; Assistant Resident Unit Supervisor (unknown) Kula; Deputy Nanette Norwood; Acting Assistant Deputy Wardens (unknown) Sanchez and E. Huss; Inspector Betty Goodson; Unit Chief Charles Gawne; Case Manager Charles Okula; Warden Willie O. Smith; Psychiatrists (unknown) Naeem and (unknown) Ajella; and grievance responder David Dawdy.

Plaintiff alleges that he has been diagnosed with intermittent explosive disorder, antisocial personality disorder, depression, schizophrenia and grandiosity. While in the Michigan Department of Corrections (MDOC), he has been provided with treatment. He alleges, however, that he was placed in detention, contrary to instructions in his medical file, which indicated that Plaintiff's serious mental health needs cannot be properly treated in detention. He contends that Defendants Calley, Davis and Duiker were aware of information in his medical file that prohibited him from being housed in detention. Nevertheless, Defendants refused to move Plaintiff to administrative segregation, where he could be properly treated.

Plaintiff's next allegations concern Defendants Taglia and Davis. Plaintiff has a history of conflict with Defendant Taglia. On September 16 and 26, 2008, Taglia came to Plaintiff's cell door and attempted to talk with Plaintiff, though he is not Plaintiff's primary therapist. On September 16, Taglia was accompanied by Defendant Davis. Because of past conflicts with Defendant Taglia, Plaintiff refused a direct order to come to the door. Taglia threatened to remove

Plaintiff from his medication if he did not comply with the order. Plaintiff refused to talk to Taglia and, shortly thereafter, Taglia issued three major misconduct tickets and had Plaintiff's medication, Zyprexa, discontinued. As a result of being suddenly removed from his Zyprexa, Plaintiff's mental condition deteriorated to the point that he experienced a severe psychotic breakdown. He was transferred to the Huron Valley Mens Facility Psychiatric Unit, where he was stabilized and placed back on his psychotropic medication. Plaintiff eventually returned to ICF.

Plaintiff next complains that Defendants Dawdy and Meno acted as respondents to Plaintiff's prison grievances, and they failed adequately to investigate those grievances. Plaintiff alleges that Defendants Smith, Norwood, Huss, Sanchez, Goodson, Gawne, Okula, Naeem, Embry and Kula

> are employed by the MDOC . . . [and] are being sued in there [sic] personal and Official capacity, for acting under the color of law to create a deprivation of plaintiff's Constitutional Right to be Free from Retaliation under the 1st amendment and the 8th amendment to be free from cruel and unusual punishment of the U.S[.] for submitting grievances. . . . All of the above named defendants have acted intentionally and deliberately to create a deprivation of plaintiff's constitutional rights as outlined above. (see attached grievances (Exhibit A1 through A4) which I incorporate into the statement of facts)

(Compl., ¶¶ 16-17, Page ID#4.)

In addition, Plaintiff alleges that in June 2009, Defendants Ajella, Gawne, Davis, Calley, Naeem, and Okuka violated the First and Eighth Amendments when they withdrew his medication and ignored his complaints that he was hearing voices and hallucinating. Plaintiff alleges that, on June 10, 2009, the nurse informed Plaintiff that he would not receive his Zyprexa because it had been discontinued by the psychiatric staff. Plaintiff alleges that Defendants are retaliating against him for filing grievances and complaints against them. He also alleges that they are failing

to treat his mental health issues, resulting in cruel and unusual punishment. Plaintiff complains that he has repeatedly submitted complaints and grievances, pleading for help with his worsening psychiatric condition. He has told these Defendants that the voices in his head are getting louder and more demanding, telling him to hurt himself. He states that custody staff has advised the mental health unit that Plaintiff is distressed and sometimes is covered in his own feces. On August 18, 2009, Defendants Ajella and Okuka came to Plaintiff's cell. Ajella stated, "'[Y]ou are an asshole Hursey, you never talk to any of us or come to our meetings, I don't care if you have been on psych meds for over 20 years.' You have written grievances and complaints on us. . . . Why do you think I took you off your meds in one night, you got nothing coming, we don't care what you do." (Compl., ¶¶ 29-30, Page ID#5.)

For relief, Plaintiff seeks declaratory and injunctive relief, together with compensatory and punitive damages.

II. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Defendants Embry, Kula, Norwood, Sanchez, Goodson, Smith, Dawdy, Meno and Huss. Instead, he simply recites conclusory allegations of retaliation and deliberate indifference. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 129 S. Ct. at 1949-50 (2009); *Twombly*, 550 U.S. at 555. Moreover, to the extent that Plaintiff suggests that Defendants are liable for the actions of their subordinates or because they failed to investigate or resolve his grievances, he fails to state a claim. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious

liability. *Iqbal*, 129 S. Ct. 1937, 1948 (2009); *Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Embry, Kula, Norwood, Sanchez, Goodson, Smith, Dawdy, Meno and Huss engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

The Court concludes that Plaintiff's allegations against the remaining Defendants warrant service of the complaint.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Embry, Kula, Norwood, Sanchez, Goodson, Smith, Dawdy, Meno and Huss will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Taglia, Calley, Davis, Duiker, Gawne, Okula, Naeem, Ajella.

An Order consistent with this Opinion will be entered.

Dated: <u>May 3, 2011</u>  /s/ Robert Holmes Bell  
　　　　　　　　　　　　　　　　　　　ROBERT HOLMES BELL  
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE